**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2891-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN ROBINSON,

    Defendant-Appellant.

_____

Submitted May 31, 2022 – Decided July 1, 2022

Before Judges Messano and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 07-10-0731.

Kevin Robinson, appellant pro se.

Annmarie Taggart, Acting Somerset County Prosecutor, attorney for respondent (Lauren E. Bland, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Kevin Robinson of murder and possession of a knife for an unlawful purpose; the judge sentenced him to a fifty-year term of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. State v. Robinson, No. A-3586-08 (Apr. 26, 2011) (Robinson I) (slip op. at 1–2). We affirmed defendant's conviction and sentence but remanded the matter for the court to conduct a restitution hearing. Id. at 4. The Supreme Court denied defendant's petition for certification. 208 N.J. 370 (2011).

Defendant filed a petition for post-conviction relief (PCR) alleging ineffective assistance of trial counsel. State v. Robinson, No. A-5820-12 (Apr. 20, 2015) (slip op. at 2–4). The PCR court denied relief, we again affirmed, id. at 4-5, and the Court again denied defendant's petition for certification. 222 N.J. 19 (2015).

More than five years after our judgment, on November 16, 2020, defendant filed a pro se second PCR petition. Although he alleged PCR counsel provided ineffective assistance, the claim was more appropriately directed at appellate counsel, who defendant said did not raise on direct appeal that the State failed to disprove defendant acted in the heat of passion after a reasonable provocation. Defendant also alleged the State's proofs were insufficient to convict him of murder for the same reason, and further that this court erred by

affirming defendant's conviction because one of the jurors had a relative who worked in the county prosecutor's office.

The second PCR judge, who had not handled any of the prior proceedings, entered an order that, after noting it was defendant's second PCR petition, simply said "none of the enumerated exceptions in [Rule] 3:22-4(b)(2) applie[d]." He denied the petition and this appeal followed.

Before us, defendant contends it was fundamentally unjust for the judge to deny the petition without hearing argument, our affirmance of his conviction given a juror's disqualifying conflict was a fundamental injustice, PCR counsel or appellate counsel were ineffective for not raising at any point the State's failure to disprove defendant acted in the heat of passion after reasonable provocation. Defendant also asserts again that the State's evidence failed to disprove that passion/provocation mitigated the homicide to manslaughter.

The State counters that the second PCR petition was untimely, and none of the exceptions in Rule 3:22-4(b)(2) apply. We agree with the State and affirm.

Under Rule 3:22-4(b), "[a] second or subsequent petition for post-conviction relief shall be dismissed unless" it is both "timely under R. 3:22-12(a)(2)," and

it alleges on its face either:

> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Rule 3:22-12(a)(2)(C) provides that

> [n]otwithstanding any other provision in this rule, no second . . . petition shall be filed more than one year after . . . the date of the denial of the first . . . application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first . . . application for post-conviction relief is being alleged.

Rule 3:22-12(b) states that these time limits "shall not be relaxed," except as otherwise provided within the Rule.

4                                              A-2891-20

In <u>State v. Jackson</u>, we detailed the historical progression leading to the Court's adoption of the current Rules. 454 N.J. Super. 284, 292–94 (App. Div. 2018). We concluded that under their current iteration, a defendant could not successfully urge relaxation of these time frames, as he could under <u>Rule</u> 3:22-12(a)(1) governing first PCR petitions, with claims of excusable neglect and a resulting fundamental injustice if the petition were time-barred. <u>Id.</u> at 293–94. We never reached the merits of the defendant's PCR petition because it was untimely and subject to mandatory dismissal. <u>Id.</u> at 297; <u>see also</u> <u>State v. Brown</u>, 455 N.J. Super. 460, 470 (App. Div. 2018) (holding that absent competent evidence establishing the defendant's entitlement to relaxation of <u>Rule</u> 3:22-12's five-year time limit for first PCR petitions, "the court does not have the authority to review the merits of the claim").

Here, defendant filed his second PCR more than five years after our judgment affirming the Law Division's earlier denial of his first PCR petition. To the extent defendant asserted a claim that PCR counsel was ineffective, the second petition was time barred. Moreover, none of the other exceptions in <u>Rule</u> 3:22-4(b) apply.

Finally, on direct appeal we rejected defendant's claims the State failed to prove every element of murder beyond a reasonable doubt, and that the judge

5

committed error in conducting juror voir dire.  See Robinson I, slip op. at 8–9, 13–15.  Those claims are barred by Rule 3:22-5 ("A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . .").  To the extent we have not otherwise addressed them, defendant's remaining arguments lack sufficient merit to discuss in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2891-20